**LAW OFFICE OF TAMMY CARTER**
1636 N. Swan, Ste. 206
Tucson, Arizona 85712
Phone: (520) 333-7737
Fax: (520) 844-8212
Tammy R. Carter, Esq.
PCN: 65754, SBN: 021702
tammy@trcarterlaw.com

Attorney for Plaintiff

FILED
Gary Harrison
CLERK, SUPERIOR COURT
9/16/2021 10:42:27 AM
BY: JAMES R. ORR /S/
DEPUTY

Case No. C20214411
HON. GARY J. COHEN

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| TOMAS BARRAZA, | NO.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| COSTCO WHOLESALE CORPORATION, and ABC CORPORATIONS 1-5; XYZ PARTNERSHIPS 1-5; JOHN AND JANE DOES 1-5: | **(TORT – NON-MOTOR VEHICLE-PREMISES LIABILITY)** |
| | Assigned to: |
| Defendants. | |

Plaintiff, by and through counsel undersigned, for his Complaint against Defendants, allege:

1. Venue and jurisdiction are proper.

2. Plaintiff Tomas Barraza is a resident of Pima County, Arizona.

3. Upon information and belief, Defendant COSTCO WHOLESALE CORPORATION (hereinafter "COSTCO") is a corporation authorized to and doing business in the State of Arizona, is in charge of and/or responsible for its employees and caused an event to occur in Arizona that is the subject of Plaintiff's Complaint herein.

4. The defendants who are fictitiously designated are so designated because their true identities are currently unknown to Plaintiff, John and Jane Does 1-5 are individual who may be doing business in Pima County, Arizona. ABC Corporations 1-5 and/or XYZ Partnerships 1-5 are corporations and/or partnerships and/or other business entities that may be doing business in Arizona and may have caused events to occur out of which Plaintiff's claim arise. The fictitiously designated individual Defendants were acting for and on behalf of their respective marital communities, and all of the fictitious Defendants were acting in their capacities and/or were acting as agents, and/or employees of other named and/or fictitiously named Defendants. Plaintiff requests leave to amend the Complaint, if necessary, to allege the true names of the Defendants once their identities have been ascertained.

5. All acts complained of herein were done by Defendants and/or by their authorized employees, servants and/or agents.

6. On June 13, 2020, Plaintiff had just arrived at Defendant's store, as it opened, to do a return and make a purchase. Shopping carts, owned by Defendant were lined up inside the store instead of outside the store because of COVID sanitizing procedures. Plaintiff made a turn to the left as he entered the store to go into the return line and as he walked by the carts his leg hit a merchandise flatbed cart that was tucked behind the regular shopping carts. The flatbed cart stuck out a little past the regular carts but they were lower to the ground creating a dangerous condition because it wasn't easily apparent that the flatbed carts stuck out. Plaintiff fell to the ground where he hit his face, and knee, landing with the full force of his body weight on his left shoulder. Plaintiff was taken to a room by Defendant employees where they gave him ice for his face, shoulder and cleaned the blood off

his knee. About 10 minutes after he fell, Plaintiff went to take pictures to show how the carts were lined up, but the flatbed carts had been removed by employees of Defendant.

7. Plaintiff was lawfully on the premises when the incident occurred.

8. At the time of the incident, it is believed that the flatbed carts are owned and/or maintained by Defendants and that they had affirmative duties to use reasonable care to make the premises safe and hazard free for patron and business invitees legally on the premises, including Plaintiff.

9. The subject incident and resulting injuries were caused by the negligence of Defendants, for failing to ensure the safety of Plaintiff, failing to inspect and maintain the premises and creating a dangerous condition.

10. Defendants, inclusive, through their employees, agents, or servants, knew or should have known that the way the flatbeds were tucked behind the regular carts where they couldn't be seen, constituted a danger and/or hazard to patron.

11. At the time of the subject incident, Defendants, inclusive, through their employees, agents, or servants, failed to take reasonable steps to protect their patrons, including Plaintiff, from these dangers.

12. As a result of the Defendants' negligence and wrongful acts complained of herein, Plaintiff sustained damages including, but not limited to, property damage, personal injuries of a temporary and/or permanent nature, pain and suffering – past, present, and future, emotional distress and mental anguish – past, present, and future, medical expenses – past, present, and future, disability, disfigurement, loss of past and future earnings, loss of earning capacity, the inability to enjoy day-to-day activities

and recreational activities, loss of consortium, and loss of enjoyment of life, all in a sum to be determined at trial.

WHEREFORE, Plaintiff is entitled to Judgement in his favor and against Defendants jointly and severally, as follows:

1. Compensatory damages in an amount sufficient to fully and fairly compensate Plaintiff for his injuries:

2. Legal costs incurred herein; and,

3. Such other and further relief as the Court deems just and proper.

DATED this 16th day of September, 2021.

**LAW OFFICE OF TAMMY CARTER**


By___/s/ Tammy Carter___
Tammy R. Carter, Esq.
Attorney for Plaintiff

4